[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10236
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cv-00299-LSC

MARCUS GEOWARD WOODS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 19, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Woods, proceeding pro se, appeals the district court's grant of summary judgment in favor of the United States in his medical malpractice case filed pursuant to the Federal Tort Claims Act (FTCA). In his complaint, Woods alleged that a Department of Veteran Affairs (VA) hospital negligently performed a procedure without his consent and failed to provide proper treatment for his recovery. In granting summary judgment, the district court found that Woods's complaint is time-barred and not subject to equitable tolling. On appeal, Woods first argues that he would have filed suit earlier, had the VA not concealed his consent form. Woods also argues that his claim was filed within the statute of limitations because his claim is not a tort claim, but instead, a claim for breach of contract. After a careful review of the parties' briefs and the record, we affirm.

I.

In December 2012, Woods went to a VA hospital seeking treatment related to a gunshot wound. However, the hospital, without his consent or knowledge, performed a different procedure than the one he asked for, causing him great pain and inconvenience. Although Woods was in poor condition following the procedure, the VA hospital still discharged him. And when his conditioned had not improved, and instead worsened, Woods sought help from an emergency room, where he learned that he was suffering from a severe infection related to the procedure he received at the VA hospital.

2

II.

"We review a district court's grant of summary judgment de novo." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).  The FTCA provides the exclusive procedure and remedy for pursuing tort claims against the United States, and provides for a limited waiver of sovereign immunity for tort claims against the United States.  *See* 28 U.S.C. §§ 2674, 2679(b)(1).  A claimant filing pursuant to the FTCA must bring his claim before the appropriate administrative agency within two years after the claim accrues.  28 U.S.C. § 2401(b).  And if the administrative agency denies the claim, the claimant must file in district court within six months after the agency mails notice of its denial.  *Id.* The statute of limitations on "a medical malpractice claim [under the FTCA begins to run] when the plaintiff knows both the existence and the cause of his injury, even if he does not yet know that the acts inflicting the injury may constitute medical malpractice."  *McCullough v. United States*, 607 F.3d 1355, 1358 (11th Cir. 2010) (internal quotation marks omitted).

However, "the FTCA's time bars are non[-]jurisdictional and subject to equitable tolling."  *United States v. Kwai Fun Wong*, 575 U.S. ___, ___, 135 S. Ct. 1625, 1638 (2015).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and

3

unavoidable even with diligence." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (internal quotation marks omitted).

### III.

The district court did not err in granting the United States' motion for summary judgment. Woods's complaint is time-barred, and it is not subject to equitable tolling. And Woods's argument that his claim is for a breach of contract, and therefore not subject to the FTCA's statute of limitations, fails.

First, the district court properly found that Woods filed his claim outside the statute of limitations, and that his claim is not subject to equitable tolling. Woods filed his complaint in February 2016—over one year after the VA denied his motion for reconsideration in August 2014. Thus, Woods filed his complaint outside the six-month filing period provided by the FTCA. *See* 28 U.S.C. § 2401(b).

We have already rejected an argument similar to Woods's contention that he could not have known about the doctor-related cause of his condition until he had a reasonable opportunity to obtain his medical records. *See McCullough*, 607 F.3d at 1359–60. Unlike the situation in a distinguishable case, *Waits*,[1] where the plaintiff did not have any reason to suspect negligence and was not aware of any injury,

---

[1] *Waits v. United States*, 611 F.2d 550 (5th Cir. 1980). *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30 1981, are binding precedent in the Eleventh Circuit.)

4

Woods did not need his medical records to learn the critical facts of the case—the existence of his injury (a severe infection) and who or what caused his injury (the procedure done at the VA hospital). *See McCullough*, 607 F.3d at 1358–60. Furthermore, Woods's claim is not subject to equitable tolling because he did not demonstrate any extraordinary circumstances. *See Motta*, 717 F.3d at 846.

Second, the FTCA provides the exclusive remedy for tort claims against the United States. 28 U.S.C. § 2679(b)(1). Nevertheless, assuming arguendo, that we agree with Woods that he alleged a contract claim, and not a tort claim, the Court of Federal Claims would have exclusive jurisdiction because Woods alleged damages in excess of $10,000. *See Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2014) (per curiam). Thus, the district court would not have had jurisdiction to consider a contract claim.

**AFFIRMED.**