[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12364
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-14036-KAM


HAROLD B. ROTTE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Harold Rotte proceeds *pro se* in this appeal in Rotte's civil action against the government over a withdrawn IRS tax lien.  Rotte's notice of appeal, liberally construed, seeks to appeal the district court's dismissal of his claims for deceit and abuse of process, grant of summary judgment to the government on his 26 U.S.C. §§ 7432 and 7433 claims, and denial of his motion for reconsideration.  On appeal, Rotte argues that the IRS wrongfully filed a lien against him, he was denied affordable counsel because no attorneys were interested in taking on the IRS, and the district court should have suggested that the IRS settle the case.

We review *de novo* a district court's grant of a motion to dismiss based on sovereign immunity.  *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013).  The United States is immune from suit absent an unequivocal waiver of sovereign immunity.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  In the Federal Tort Claims Act ("FTCA"), Congress enacted a limited waiver of the United States's sovereign immunity for tort claims, as that statute allows the government to be sued for claims arising from torts committed by federal employees acting within the scope of their employment.  28 U.S.C. § 1346(b); *Motta*, 717 F.3d at 843.  However, the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of," *inter alia*, abuse of process, libel, slander, misrepresentation or deceit.  28 U.S.C. § 2680(h).

We review a district court's order granting summary judgment *de novo*. *Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, viewing all of the facts in the record in the light most favorable to the non-moving party. *Id.*; *see also* Fed. R. Civ. P. 56(a).

Pursuant to 26 U.S.C. § 7432, a taxpayer may bring a civil action for damages against the United States if any officer or employee of the IRS knowingly, or by reason of negligence, fails to release a lien under 26 U.S.C. § 6325 on the property of the taxpayer. 26 U.S.C. § 7432(a). According to § 6325, the IRS has 30 days to issue a certificate of release of lien once the IRS determines the unenforceability of the underlying tax liability. 26 U.S.C. § 6325(a)(1). A finding that the tax liability became legally unenforceable under § 6325 is based on the earlier of (1) the date on which the district director of the district in which the taxpayer resides or in which the lien was filed finds legal unenforceability, or (2) the date on which the district director receives a request for a certificate of release of lien, together with any information which is reasonably necessary for the district director to conclude that the lien is legally unenforceable. 26 C.F.R. § 301.7432-1(b).

3

Even construing Rotte's appellate brief liberally, he failed to meaningfully challenge the district court's rulings, and so he abandoned any challenges to those rulings. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). Nevertheless, the district court did not err by dismissing his claims for deceit and abuse of process because the government was entitled to sovereign immunity. The district court also did not err by granting summary judgment on his § 7432 claim because the IRS did not knowingly or negligently fail to release his tax lien. The district court did not err by granting summary judgment on his § 7433 claim because Rotte did not allege that the IRS failed to follow a specific provision of the tax code in trying to collect his tax liability, merely that the IRS wrongly filed a lien against him because it miscalculated his tax liability.

The district court also did not abuse its discretion by denying Rotte's motion for reconsideration because Rotte did not offer any new evidence or identify any manifest errors of law and fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Finally, to the extent Rotte argues that he was denied counsel and that the district court should have directed the IRS to settle, these arguments fail because Rotte had no right to counsel, and never moved for the appointment of counsel or showed exceptional circumstances. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.

4

1999).  Additionally, Rotte failed to identify any obligation or agreement by which the district court could compel the IRS to settle the case.

**AFFIRMED.**