[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11244
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00618-CG-N


ELMORE S. WELCH, JR.,

                                        Plaintiff - Appellant,

versus

ATMORE COMMUNITY HOSPITAL,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 18, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Elmore Welch, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his amended complaint without prejudice for lack of subject matter jurisdiction. On appeal, Welch argues that his amended complaint established subject matter jurisdiction pursuant to: (1) a statutory grant under the Controlled Substances Act, 21 U.S.C. § 801 et seq.; (2) federal question jurisdiction under 28 U.S.C. § 1331; and (3) diversity jurisdiction under 28 U.S.C. § 1332. After thorough review, we affirm.

## I.  BACKGROUND

On December 13, 2016, Welch filed a pro se complaint against Atmore Community Hospital ("the Hospital"). Welch's complaint alleged that the Hospital staff gave Welch's father "a large dose of medication" called Ativan that placed Welch's father in a coma and ultimately contributed to his death. Welch's complaint characterized his suit as a "wrongful death" action against the Hospital and sought damages for (1) the Hospital's alleged profits of approximately $65,000 while his father was in a coma and (2) approximately $40,000 in costs incurred to transport his father by helicopter to another hospital during his treatment.

A magistrate judge sua sponte reviewed Welch's complaint. On January 17, 2017, the magistrate judge issued an order requiring Welch to file an amended complaint and assert the basis for the district court's jurisdiction. The magistrate judge construed Welch's complaint as supporting only a state-law claim for

2

wrongful death between two citizens whose citizenships were not alleged. The magistrate judge thus determined that Welch's complaint failed to allege a statutory grant of jurisdiction, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C § 1332. The magistrate judge advised Welch that a failure to allege facts supporting subject matter jurisdiction in his amended complaint would lead to a recommendation that Welch's case be dismissed.

On January 24, 2017, Welch filed an amended complaint. Welch's amended complaint asserted that that the Controlled Substances Act, 21 U.S.C. § 801 et seq., specifically § 812, provided a statutory grant of jurisdiction because the Act is a "Federal Drug Polic[y]" and regulates Ativan, the drug that allegedly contributed to the death of Welch's father. Welch's amended complaint also raised the possibility of federal question jurisdiction, stating that the Controlled Substances Act was an "[o]ver view [of] CRIMINAL LAW" in relation to Welch's state-law wrongful death claim. As to diversity jurisdiction, Welch's amended complaint alleged that such jurisdiction was proper because "this controver[sy] does exceed[] over $75,00[0].00."

Thereafter, on February 17, 2017, the magistrate judge issued a report and recommendation that Welch's amended complaint be dismissed without prejudice for lack of subject matter jurisdiction.

3

In the report and recommendation, the magistrate judge noted that the Controlled Substances Act "does not contain a 'specific statutory grant' of jurisdiction for private litigants such as Welch" and does not create a private right of action. The magistrate judge also noted that Welch's amended complaint did not raise a federal question because "the state-law claim must really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law," and "any purported violation of the Controlled Substances Act [in this case] [wa]s, at most, an element of Welch's state-law wrongful death claim." See Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (citation and quotation marks omitted). Lastly, the magistrate judge determined that diversity jurisdiction was improper—notwithstanding Welch's allegations as to the amount in controversy exceeding $75,000—because Welch's amended complaint still failed to allege facts establishing the citizenship of the parties.

On March 6, 2017, the district court issued an order adopting the magistrate judge's report and recommendation and dismissing Welch's amended complaint without prejudice.

On March 16, 2017, Welch timely appealed.

## II.  DISCUSSION

### A.     Applicable Law

If a district court at any time determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A federal district court "must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)).[1]

The plaintiff must adequately allege a basis for federal jurisdiction by including "a short and plain statement of the grounds for the court's jurisdiction" in the complaint. Fed. R. Civ. P. 8(a)(1). We hold the allegations of a pro se complaint to less stringent standards than those for pleadings drafted by lawyers. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168 (11th Cir. 2014). However, "[d]espite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam).

---

[1] We review de novo a district court's order dismissing a complaint for lack of subject matter jurisdiction. Motta ex rel. A.M. v. United States, 717 F.3d 840, 843 (11th Cir. 2013).

**B.     Statutory Grant**

As an initial matter, the district court did not have jurisdiction pursuant to a statutory grant under the Controlled Substances Act. Welch's amended complaint references § 812 of the Act as the basis for such jurisdiction. However, § 812 establishes the Schedule of Controlled Substances and outlines five categories of such controlled substances for regulatory purposes. See 21 U.S.C. § 812. Section 812 does not contain any language establishing a private right of action to enforce the Act's regulatory scheme. See id.

Moreover, even liberally construing Welch's amended complaint to assert a private right of action as existing under any part of the Act, we conclude that no part of the Act provides a private remedy or contains a "specific statutory grant" of jurisdiction for private litigants, such as Welch, to bring civil claims. See 21 U.S.C. § 801, et seq.; Durr v. Strickland, 602 F.3d 788, 789 (6th Cir. 2010) (affirming the district court's conclusion that the plaintiff was not entitled to declaratory relief under the Controlled Substances Act because it provides no private right of action); see also Zink v. Lombardi, 783 F.3d 1089, 1113 (8th Cir. 2015) ("[The plaintiffs] acknowledge, however, that there is no private right of action under federal law to enforce these alleged violations [of the Controlled Substances Act]."). Welch cites no such statutory grant, and we can find none.

**C.    Federal Question Jurisdiction**

For a district court to have federal question jurisdiction under 28 U.S.C. § 1331, the plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) (quoting Franchise Tax Bd. V. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983)).

"[A] federal court has jurisdiction of a state-law claim if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance' of federal and state power." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. ___, 136 S. Ct. 1562, 1570 (2016) (quotation omitted). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Dunlap v. G&L Holding Grp., Inc. 381 F.3d 1285, 1290 (11th Cir. 2004) (alteration in original) (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234 (1986)). However, such jurisdiction may lie where "a state-law cause of action is 'brought to enforce' a duty created by the [federal law] because the claim's very success depends on giving effect to a federal requirement." Manning, 578 U.S. at ___, 136 S. Ct. at 1570.

7

As discussed above, the Controlled Substances Act does not independently create a private right of action. Construing Welch's amended complaint liberally, Welch additionally alleges that his state law wrongful death action requires resolution of a federal question because the alleged harmful drug involved—Ativan—is a controlled substance under the Act.

Even so, Welch's amended complaint fails to allege facts linking the harmful conduct underlying his wrongful death claim to the Act's regulatory scheme. Contrarily, Welch's amended complaint provides, at most, a conclusory statement that federal jurisdiction is proper: "My [amended complaint] will be b[r]ough[t] before the Court [under] THE CONTROLLED SUBSTANC[E]S ACT." Welch offers no facts showing whether, or how, the Controlled Substances Act creates a federal duty on the Hospital that is "substantial" to Welch's wrongful death claim. See Manning, 578 U.S. at ___, 136 S. Ct. at 1570. Accordingly, we cannot say that the district court erred in declining to find federal question jurisdiction. See Dunlap, 381 F.3d at 1290.

## D.    Diversity Jurisdiction

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the action must be between "citizens of different States," and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). "[D]iversity

8

jurisdiction is determined at the time of filing the complaint." PTA–FLA, 844 F.3d at 1306.

In his amended complaint, Welch alleged that the amount in controversy exceeds $75,000. Welch's amended complaint does not provide particularized facts in support of this allegation. However, in keeping with the relaxed pleadings standards for pro se litigants, we assume for the sake of argument that Welch adequately alleges this amount through his initial complaint, in which he alleges over $100,000 in damages between the Hospital's profits and the transportation costs associated with his father's medical care.

Even assuming that the allegations in Welch's amended complaint thus meet the amount-in-controversy requirement, Welch's amended complaint alleges no facts suggesting that the parties are citizens of different states. Welch's amended complaint describes the Hospital as a "Mobile Infirmary" located in Alabama and lists Welch's own residence as being located in Atmore, Alabama. Even under the relaxed pro se pleadings standards, Welch's amended complaint provides no additional facts suggesting possible diversity of citizenship. Indeed, on appeal, Welch continues to reference both parties as citizens of Alabama. Thus, the district court did not err in finding that it lacked diversity jurisdiction.

## III.  CONCLUSION

For all of the above reasons, we affirm the district court's dismissal of Welch's amended complaint without prejudice.

**AFFIRMED.**