[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-11131

Non-Argument Calendar

_____

ANGELA C. BAKOS,

Plaintiff-Appellant,

*versus*

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:21-cv-00058-JRH-BKE

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Angela Bakos appeals the district court's order dismissing her second amended complaint that alleged claims under the Employee Retirement Income Security Act (ERISA). The district court granted Defendant-Appellee UNUM Life Insurance Company of America's (UNUM) motion to dismiss because Bakos's claims were time barred due to a provision in her insurance policy that required her to file a suit in federal court within three years of UNUM denying her long-term disability benefits. After careful review, we affirm.

## I.    FACTS

Bakos worked for Christopherson Properties in Minnesota where UNUM issued her an ERISA-governed insurance policy that included long-term disability benefits. In August 2014, while fully covered under her plan, Bakos received long-term disability benefits effective December 1, 2014. But on July 15, 2015, UNUM sent Bakos a notice say that she no longer met the plan's definition of disability after April 14, 2015. Bakos appealed that determination as set out within UNUM's policy. After reviewing its denial, UNUM notified Bakos that her appeal was denied on June 27, 2016. In that denial, UNUM explained that Bakos had "a right to bring a civil suit under section 502(a)" of ERISA. Although the denial letter did not specify any appeal deadlines, the letter stated that Bakos

could request—free of charge—any documents, records, and information relevant to her claim for benefits. Within the documents she could request, there was a provision that gave Bakos three years following UNUM's denial of her long-term disability benefits to file a civil suit in federal court.

During this time, Bakos also filed a claim for social security disability benefits with an alleged onset date of August 5, 2014 (the last day she worked at Christopherson). After applying on January 13, 2015, Bakos received a partially favorable decision on December 8, 2015. After appealing that decision through the administrative process and to the district court, in March 2020, Bakos ultimately received a fully favorable decision starting on her alleged onset date.

In August 2020, after receiving that decision, Bakos sought to re-open the June 27, 2016 denial of her disability benefits with UNUM. UNUM notified Bakos that it would not reopen the decision because the administrative review was complete.

On April 1, 2021, Bakos filed suit in the Southern District of Georgia for long-term disability benefits from April 15, 2015 under ERISA § 502. UNUM moved to dismiss Bakos's complaint under Rule 12(b)(6) because her action was time-barred by a provision in the insurance policy.[1] Bakos opposed because she had alleged an

---

[1] In total, Bakos filed three complaints, with her Second Amended Complaint being the operative complaint. Each complaint added only one more

equitable tolling defense and that she also had no actual notice from UNUM about the applicable three-year period of limitation.

The district court granted UNUM's motion to dismiss finding that a failure to provide explicit notice of an ERISA plan limitation does not merit equitable tolling. The district court also found that Bakos's argument about actual notice did not apply to her denial of benefits claim because it was not a breach of fiduciary duty claim that the Supreme Court recently addressed. Bakos timely appealed.

## II.     STANDARD OF REVIEW

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam). However, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

---

allegation than the previous complaint. UNUM filed new motions to dismiss after each complaint to address Bakos's new allegation.

### III.    ANALYSIS

Bakos makes two arguments on appeal: (1) assuming that there was a three-year period of limitation to file a civil suit, that running of any time limitation was equitably tolled, and (2) that she received no actual notice from UNUM about the time to file suit and that actual notice is required for the three-year period to run. We will address each argument in turn.

First, Bakos argues that because UNUM's denial letter did not mention the three-year period of limitation to file a civil suit, her suit should be considered timely because of equitable tolling.

As background, "ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits. Thus, courts borrow the most closely analogous state limitations period," unless the parties have contractually agreed to a different one in the ERISA plan. *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998). If they have, "[w]e must give effect to the [ERISA] Plan's limitations provision unless we determine either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 109 (2013).

Because Bakos does not dispute that this three-year period is reasonable, the contractual limitations period is enforceable unless Bakos can establish that she is entitled to equitable tolling—"a form of extraordinary relief that courts have extended only sparingly."

*Bhd. of Locomotive Eng'rs & Trainmen v. CSX Transp., Inc.*, 522 F.3d 1190, 1197 (11th Cir. 2008). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013) (internal quotation marks omitted).

We have held that there is no equitable tolling when "the plaintiffs had notice sufficient to prompt them to investigate and that, had they done so diligently, they would have discovered the basis for their claims." *Pac. Harbor Cap., Inc. v. Barnett Bank, N.A.*, 252 F.3d 1246, 1252 (11th Cir. 2001) (internal quotation marks omitted). Here, the basis for Bakos's claim is straightforward. In June 2016, UNUM sent Bakos a denial letter stating that her request to reinstate her long-term disability benefits had been denied, the administrative review process was complete, and she had a right to bring a civil action under ERISA § 502. Not only that, but the denial letter also alerted her to the fact that she could request any documents she might need to pursue her claim and that UNUM would send her copies of them for free. Bakos never requested a copy of those documents.

Because Bakos could have requested a copy of the policy, which was central to her claim and included the limitations provision, she could have easily timely filed her action if she had exercised even minimal diligence in discovering the terms of the policy. *See id.* at 1252.

Second, Bakos argues that she lacked notice from UNUM about the three-year period of limitations. She asserts that the Supreme Court's recent case in *Intel v. Sulyma*, 140 S. Ct. 768 (2020), supports her argument. But Bakos cannot rely on *Intel*. In *Intel*, the Supreme Court looked at the limitation periods under § 1113(2) of ERISA, which specifically provides a claim for breach of fiduciary duty and the time limitations to file that type of claim. 140 S. Ct. at 774. The Supreme Court found that the limitations period under § 1113(2) "begins only when a plaintiff is actually aware of relevant facts, not when he should be." *Id.* at 778. But the Supreme Court noted that § 1113(2) is "[u]nlike other ERISA limitations periods." *Id.*

As the district court correctly noted, this distinction matters. ERISA does not provide a statute of limitations for claims under § 502; instead, the statute of limitations can be set by a contract. *See Northlake Reg'l Med. Ctr.*, 160 F.3d at 1303. Here, the insurance policy provided the statute of limitations to which Bakos agreed to when she signed up for the plan. Her argument that she did not receive actual notice lacks merit.

Thus, the district court correctly determined that Bakos's claim was time barred and she was not entitled equitable tolling.

## IV.    CONCLUSION

For these reasons, we affirm the district court's order granting UNUM's motion to dismiss.

**AFFIRMED.**