**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11336
Non-Argument Calendar

————————————————

JESSICA HERNANDEZ,
SHEILA C. FIGUEROA,

*Plaintiffs-Appellants,*

*versus*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80511-AMC

————————————————

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiffs Jessica Hernandez and Sheila Figueroa appeal the district court's dismissal of their Federal Tort Claims Act ("FTCA") claims, which arose out of a collision with a United States Postal Service ("USPS") vehicle. The district court concluded that the plaintiffs failed to properly "present" their claims to the USPS within two years of the collision, which is a precondition for an FTCA lawsuit. On appeal, the plaintiffs argue that: (1) emails sent by their law firm to two USPS employees satisfied the presentation requirement; (2) the district court should have applied the doctrine of "constructive filing" to deem their claims presented; and (3) the district court should have equitably tolled the two-year presentation deadline. After careful review, we affirm.

## I.

The relevant background is this. On November 16, 2020, in Boynton Beach, Florida, a USPS truck driven by a USPS employee allegedly ran a stop sign and collided with a vehicle driven by Hernandez. Figueroa was a passenger in Hernandez's vehicle; according to their complaints, both women sustained serious injuries. The plaintiffs retained Berman Law Group ("Berman") to represent them in a potential suit against the USPS.

Berman initially contacted the USPS shortly after the accident, sending letters to the agency through certified mail. It advised that the plaintiffs intended to make claims against the agency and cited Florida's statutory waiver of sovereign immunity.

The agency promptly responded in two letters to the law firm. It explained that any claims against the agency must be made

under the FTCA, not Florida's waiver of sovereign immunity. It also provided detailed instructions on how to submit the plaintiffs' claims to the USPS. It advised them to complete Standard Form 95 ("SF-95") and to submit the form to the USPS's Tort Claim Coordinator Specialist in Fort Lauderdale, Florida. It warned that "neither the Department of Justice regulations nor Postal regulations provide for acceptance of electronically mailed tort claims."

Berman received the first of these letters in December 2020, and the second in January 2021, leaving the firm with about twenty-two months to properly present the plaintiffs' claims pursuant to the two-year statute of limitations. It apparently delegated that task to a paralegal. The paralegal claimed that she mailed the required forms to the USPS at the appropriate address on June 14, 2021 and September 22, 2022. However, she could not provide corroborating details or proof of the mailings, and the USPS had no record of either mailing.[1]

The paralegal also sent an email containing the SF-95 forms to four USPS email addresses on June 24, 2022. The email's subject line was "20-500.27137.BI Hernandez, Jessica v. United States Postal Service." The body of the email read only: "Please advise correct adjuster on this claim, 330-21-004929937A," followed by the paralegal's signature block. The SF-95 forms were attached as a PDF file entitled "USPS COMPLETED CLAIM FORM."

---

[1] The paralegal claimed that the June package was addressed to the wrong recipient, but at the correct address.

Notably, none of the email's recipients worked in tort claims for the USPS, nor did any of them work out of South Florida. Two of the recipients did not work for the USPS at all -- they were employed by an independent contractor. The other two recipients worked for the USPS as "Mail Transport Equipment Quality Examiners" in Jacksonville, Florida and Detroit, Michigan. The paralegal had no recollection of why she emailed those specific employees.

Neither USPS employee opened the SF-95 form attached to the email. The Jacksonville employee deleted the email without reading it. The Detroit employee did read the email. However, he reported it as suspicious by clicking on his USPS account's "Cyber-Safe" button, apparently commenting "[d]oes not look legit." The employee testified that he was trained to take that step when confronted with a suspicious email from an unknown sender.

On November 28, 2022 -- 12 days past the two-year "presentation" deadline -- Berman mailed completed SF-95 forms to the correct USPS employee at the appropriate address in Fort Lauderdale, Florida. The USPS received that mailing. However, it denied the claims as untimely, explaining that it did not receive them within the statutory two-year window.

Each plaintiff subsequently filed suit against the United States in the United States District Court for the Southern District of Florida. The United States moved to dismiss both plaintiffs' claims, arguing that they did not comply with the presentation requirement. The district court consolidated the cases and referred the motions to a federal magistrate judge. The magistrate judge

ordered limited discovery and held an evidentiary hearing to resolve disputes of fact related to the presentation requirement.

After the hearing, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the government's motions be granted. The R&R found that the USPS did not receive the mailings sent on June 14, 2021 and September 22, 2022, and that these mailings did not fulfill the presentation requirement. The R&R further determined that the June 24, 2022 emails did not meet the plaintiffs' obligations because, regardless of whether the presentation requirement could be met by email, the specific emails sent were inadequate. Finally, it explained that the plaintiffs' claims could not be deemed "constructively filed" and that the plaintiffs were not entitled to the benefit of equitable tolling.

Over the plaintiffs' objections, the district court granted the motions to dismiss, accepting the R&R's factual findings and agreeing that the plaintiffs' actions did not fulfill the statutory presentation requirement. This timely appeal followed.

## II.

First, we are unpersuaded by the plaintiffs' argument that the district court erred in dismissing their claims upon finding that emails sent by their law firm did not satisfy the FTCA's statute of limitations. As we've noted, the FTCA requires tort victims to present their claims to the appropriate federal agency before filing suit. 28 U.S.C. § 2675(a). The time to do so is limited -- under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal

agency within two years after such claim accrues." For purposes of this appeal, we will review the trial court's factual findings for clear error and its interpretation and application of § 2401(b)'s time bar *de novo*. *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015); *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).[2]

---

[2] In *United States v. Wong*, 575 U.S. 402 (2015), the Supreme Court held that § 2401(b)'s two-year time bar is non-jurisdictional. *Id*. at 420. So, a motion predicated on that time bar generally should be brought as either a Rule 12(b)(6) motion for failure to state a claim, or a Rule 56 motion for summary judgment. *See, e.g.*, *Morales-Melecio v. United States*, 890 F.3d 361, 367 (1st Cir. 2018); *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016).

In this case, the district court did not apply the Rule 12(b)(6) or Rule 56 standards in dismissing the plaintiffs' claims; instead, it relied on our decision in *Bryant*, a case that dealt with administrative exhaustion under the Prison Litigation Reform Act ("PLRA"). In *Bryant*, a district court dismissed a prisoner's 42 U.S.C. § 1983 claims for lack of exhaustion after considering materials outside the complaint (contrary to the Rule 12(b)(6) standard) and resolving factual disputes (contrary to the Rule 56 summary judgment standard). 783 F.3d at 1371, 1373–74, 1377. Nevertheless, we affirmed in *Bryant*, explaining that "[w]here exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits" the district court may "consider facts outside of the pleadings and . . . resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*. at 1366 (citation modified).

Borrowing from *Bryant*, the district court here made findings based on documents outside the complaint to resolve the § 2401 limitations issue. However, we need not decide if the district court erred in doing so, because neither party ever has objected to the district court's approach, even on appeal. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (noting that issues not briefed on appeal by litigants are deemed abandoned). To the contrary, the parties have adopted the district court's approach (both on appeal and in dis-

25-11336                 Opinion of the Court                 7

The plaintiffs argue that they presented their claims to the USPS within the limitations period because the emails sent on June 24, 2022 fulfilled the presentation requirement.[3] But regardless of whether email is a valid form of presentation under 28 U.S.C. §§ 2401(b), 2675(a), the emails at issue here did not properly "present" the plaintiffs' claims.

The statute does not define how a plaintiff must "present" her claim. However, the Code of Federal Regulation provides that "a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95." 39 C.F.R. § 912.5(a). It further stipulates that "[c]laims should be filed with the Tort Claims Coordinator for the Postal Service District Office where the accident occurred, but may be filed at any office of the

---

trict court), and thus the error, if any, was harmless. *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986) ("[W]hen the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given, failure to notify may be harmless error."); *Galanti v. United States*, 709 F.2d 706, 709 n.3 (11th Cir. 1983) (holding that where the district court "technically erred" in granting the government's Rule 12(b)(6) motion to dismiss by going "beyond the pleadings and consider[ing] the factual stipulation of the parties," we would not reverse where the appellant "failed to raise this issue on appeal" and made "extensive use of the factual stipulation in support of her arguments"). Accordingly, we assume arguendo that the approach in *Bryant* applies and use the same standards of review our Court used there.

[3] They do not argue that any of their physical mailings constituted timely presentation of their claims.

Postal Service, or sent directly to the Chief Counsel, Torts, General Law Service Center." *Id*. § 912.4.

The plaintiffs did not comply with 39 C.F.R. § 912.4. There is no dispute that they did not email "the Tort Claims Coordinator . . . or . . . the Chief Counsel, Torts, General Law Service Center." Nor could they reasonably be said to have filed their claim "at any office of the Postal Service," which reads naturally as referring to a filing that occurs at a physical location, *i.e.*, a brick-and-mortar post office. Indeed, interpreting "office" to include every USPS employee's email address -- as the plaintiffs suggest -- would extend the regulation to the point of meaninglessness. The USPS has over 500,000 employees, and each of their inboxes cannot be an "office of the Postal Service" that the agency must monitor for tort claims. *A Decade of Facts & Figures*, U.S. POSTAL SERV., https://facts.usps.com/table-facts (last visited Mar. 23, 2026).

Moreover, even if Congress gave "present" a broader meaning in 28 U.S.C. §§ 2401(b), 2675(a) than the USPS did in its regulations, the emails at issue still cannot be construed as having been presented to the USPS. The Berman paralegal emailed two postal employees seemingly at random, who were not located in South Florida and whose job responsibilities had nothing to do with processing tort claims. To the extent the plaintiffs claim the Detroit-based employee had been in a "Supervisor Customer Service" role a decade earlier (and thus may have received training on how to process tort claims), his current role was neither customer-facing nor tort-related. Moreover, the emails bore several hallmarks of a

phishing scam: they appeared to make a claim for money, contained dubious grammar, came from an unknown sender, and indicated that the recipient should open an attachment. Both employees understandably treated the email as suspicious, precisely the sort that employees are trained not to open. One deleted the email outright without reading it, and another electronically marked it as potentially dangerous, commenting "Does not look legit."

Emails like this one are insufficient to "present" a claim under 28 U.S.C. §§ 2401(b), 2675(a). The presentation requirement is meant to "giv[e] agencies an opportunity to settle suits before litigation commence[s]," which in turn can "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (citation modified). Suspicious emails, sent to geographically remote employees selected seemingly at random, cannot be expected to further these goals.

Plaintiffs also cite to the USPS's Administrative Support Manual ("ASM"). The ASM provides that "written tort claims can be filed and must be accepted at any Post Office or other postal facility" and that "[a]ny postal employee who receives a completed tort claim form or other writing indicating that it is a claim should immediately stamp or write the date received on the claim . . . and sign his or her name next to the date. The claim should then be forwarded to the district tort claims coordinator."

But even assuming the ASM's regulations -- which instruct USPS employees on how to deal with submissions they might recognize as tort claims -- bind USPS employees, they would not win the day for the plaintiffs. For starters, the cited provisions of the manual do not offer a definition of "present." They explain *where* a claim may be presented and *how* an employee should handle a presented claim. But they do not articulate *what* it means to "present" a claim. Further, as the district court explained, the Berman paralegal's email "was so suspicious that it did not even indicate that it was a claim." Thus, even if the plaintiffs could have presented their claims by email, the email correspondence in this case does not qualify as "present[ing]" the plaintiffs' claims under 28 U.S.C. §§ 2401(b), 2675(a).

**III.**

We also find no merit to the plaintiffs' argument that their claims were "constructively filed" with the USPS. The "constructive filing" doctrine derives from 28 C.F.R. § 14.2(b)(1), which says:

> When a claim is presented to any other Federal agency [other than the one it should be presented to], that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant.

Relying on this regulation, some courts have deemed an FTCA claim to be timely-presented when an "inappropriate federal

agency (1) receives a claim that otherwise fully complies with § 14.2(a)'s presentation requirements with sufficient time before the statute of limitations is set to run, and (2) then violates § 14.2(b)(1)'s requirement to forward the claim to the appropriate agency or return the claim to the claimant." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) (explaining the parameters of the constructive filing doctrine); *see also Greene v. United States*, 872 F.2d 236, 237 (8th Cir. 1989). We have yet to adopt the constructive filing doctrine for FTCA claims, *Motta*, 717 F.3d at 844, but we assume for the sake of this appeal that it is available to the plaintiffs.

Even still, the doctrine cannot save the plaintiffs' claims. For one thing, it addresses claims filed with the *wrong agency*. That's not the situation here; plaintiffs instead maintain that their claims were sent to the *wrong employee* at the *right* agency. But the plain language of the regulation clearly applies to different agencies, not in the intra-agency context. And in any event, constructive filing requires a claim "that otherwise fully complies with § 14.2(a)'s presentment requirements with sufficient time before the statute of limitations is set to run." *Id*. In turn, Section 14.2(a) explains that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). As we've detailed, the USPS cannot be said to have "receive[d]" plaintiffs' SF-95s via the suspicious-looking June 24, 2022 emails. Accordingly,

plaintiffs did not "fully compl[y] with § 14.2(a)'s presentment requirements" and could not have benefited from the constructive filing doctrine, even if it were applicable.

## IV.

Finally, plaintiffs are not entitled to the benefits of equitable tolling. We've explained that "[t]he question of whether or not equitable tolling applies is a legal one and thus is subject to *de novo* review, but we are bound by the trial court's factual findings unless they are clearly erroneous." *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1336 (11th Cir. 2023) (citation modified).

"The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." *Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (citation modified). Equitable tolling is proper only "when a movant untimely files because of *extraordinary circumstances* that are both beyond [her] control and unavoidable even with diligence." *Id.* (citation modified). The plaintiffs bear the burden of proving those extraordinary circumstances exist. *Id.*

Plaintiffs have not carried their burden. They claim that it is "extraordinary" that the USPS did not accept their emails as filings. But again, the USPS could hardly be expected to process filings made through suspicious emails, arbitrarily mailed to employees whose jobs had nothing to do with tort claim management. There is nothing extraordinary about the failure of Berman's emails to "present" plaintiffs' claims.

What's more, the plaintiffs have cited no circumstances -- let alone extraordinary ones -- that could have prevented them from making the proper mailings.  Berman was told exactly which forms to file, where to send them, and who should receive them.  Complying with these instructions within the limitations period required no unusual diligence from Berman.  Its own behavior demonstrates as much -- the firm successfully mailed the SF-95 forms to the USPS shortly after the limitations period expired.[4]

In short, there is no basis to apply equitable tolling here.

**AFFIRMED.**

---

[4] To the extent plaintiffs suggest that equitable tolling is warranted because the USPS had "notice" of their claims, "present[ing]" a claim means more than giving notice.  It requires providing "a claim for money damages in a sum certain."  28 C.F.R. § 14.2(a).  In other words, the agency needs to know the size of the potential claim.  In any case, the standard for equitable tolling is not whether the defendant had "notice" of the claim; it is whether "extraordinary circumstances" prevented the plaintiff from properly complying with the statute of limitations.