[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 02, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14336

_____

D.C. Docket No. 02-02461-CV-BBM-1

HIRSCH FRIEDMAN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
UNNAMED OFFICERS AND EMPLOYEES
OF THE UNITED STATES, WILLIAM T.
THIGPEN, JR., CARL BOYER, ELLEN
HASTINGS, ROBERT STACK, individually
and in their official capacities as officers/employees
of the United States,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 2, 2004)**

Before BARKETT and HILL, Circuit Judges, and FORRESTER*, District Judge.

PER CURIAM.

Hirsch Friedman and the United States of America entered into an agreement (the "Settlement Agreement") to settle Mr. Friedman's medical malpractice claim against the United States Department of Veterans Affairs (the "DVA"). According to the agreement, Mr. Friedman was to receive $200,000 in "full settlement and satisfaction" of certain claims for personal injury he had asserted against the DVA arising out of treatment he received at a DVA-administered hospital. There was a provision in the Settlement Agreement which stated that the settlement amount was "without set off or claim of any nature thereon by, the United States of America, its agents, servants[ ] and employees." Subsequently, the Internal Revenue Service (the "IRS") assessed a jeopardy levy on the check representing such funds. Mr. Friedman has brought this action to enforce the terms of the settlement agreement, which he claims do not permit the IRS levy.

The district court dismissed this action for lack of subject matter jurisdiction, holding that jurisdiction over contract claims for more than $10,000

---

* Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

lies exclusively in the United States Court of Federal Claims. As to claims exceeding $10,000, 28 U.S.C. § 1491(a)(1) provides:

> [t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

We have held that this provision, known as the "Tucker Act," requires that claims against the United States for amounts in excess of $10,000 founded on contracts with the United States must be brought in the Court of Claims. *Mark Dunning Indus., Inc. v. Cheney*, 934 F.2d 266, 269 (11th Cir. 1991); *Graham v. Henegar*, 640 F.2d 732, 734 (5th Cir. 1981).

Mr. Friedman has sought to avoid this result by alleging other claims sounding in tort in his complaint. A plaintiff cannot avoid the jurisdictional limitations of the Tucker Act, however, by artful pleading. *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982). Accordingly, "a plaintiff whose claims against the United States are essentially contractual should not be allowed to avoid the jurisdictional (and hence remedial) restrictions of the Tucker Act by casting its pleading in terms that would enable a district court to exercise jurisdiction under a separate statute." *Id.* It is "well-established that where a tort claim stems from a

breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims to the extent that damages exceed $10,000." *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002).

Additionally, Mr. Friedman amended his complaint in the district court to include his original tort claim, thereby seeking to invoke the district court's jurisdiction under the Federal Tort Claims Act. This claim, however, has been extinguished by the Settlement Agreement. Until and unless the Settlement Agreement is set aside, this claim no longer exists.

Accordingly, finding no error in the district court's determination that jurisdiction over this action lies in the Court of Claims, the judgment of the district court is

AFFIRMED.