[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16193
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-03706-AKK


MICHAEL W. STOVALL,
an individual,

Plaintiff - Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF AGRICULTURE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 7, 2013)

Before CARNES, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Michael Stovall appeals the district court's dismissal of his discrimination complaint for failure to state a claim under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, after the Secretary for the United States Department of Agriculture (USDA) moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). The district court granted the Secretary's motion based on res judicata and the ECOA's statute of limitations. After reviewing the record and briefs, we affirm.

## I.   FACTUAL & PROCEDURAL BACKGROUND

The USDA administers credit and benefit programs through the Farm Service Agency (FSA), which is authorized to make and guarantee loans to farmers who cannot obtain credit from commercial institutions. Stovall, an African-American farmer who lives in Alabama, applied for two farm-ownership loans, one in 1994 and one in 1995. He also applied for a low-interest operating loan in 1995. The local FSA agency denied all three loans.

On January 4, 1996, Stovall sought administrative relief with the USDA, alleging that racial discrimination had prevented him from obtaining the loans. Stovall eventually entered into a Resolution Agreement with the USDA in 1998. The Resolution Agreement included a monetary payment to Stovall of $145,000, debt relief, and payment of attorney's fees. The Agreement "constitute[d] a full, complete, and final settlement of all claims for relief raised in Mr. Stovall's

2

January 4, 1996, discrimination complaint submitted to [the] USDA." As part of the Agreement, Stovall agreed to waive and release "any and all claims or complaints of any kind arising out of the events that were the subject of [his then-] pending discrimination complaint with [the] USDA, including his January 4, 1996, discrimination complaint." In the event that that the USDA breached the Agreement, it provided that:

> Mr. Stovall may request specific enforcement of the terms or reinstatement of his complaints by writing to the Director, Office of Civil Rights, USDA, Room 326-W, Washington, D.C., 20250. This request should be filed as soon as practicable but no longer than 60 days of the date Mr. Stoval[l] knows or reasonably should have known of the alleged failure to implement the agreement.

On March 3, 1998, the Director of the USDA Office of Civil Rights (now called the Office of Adjudication) issued a Final Agency Decision finding that the USDA had discriminated against Stovall when it denied him the 1994 farm-ownership loan and the 1995 low-interest-rate operating loan. The Director found the denial of the 1995 farm-ownership loan to be legitimate.

In 2004, Stovall filed suit against the Secretary of the USDA (Secretary) in the United States District Court for the District of Columbia (the D.C. district court), alleging constitutional violations, ECOA violations, tort claims, and breach of contract claims. In his ECOA claim, Stovall alleged that he had applied for farm-ownership and operating loans and had been denied because of his race. The

3

complaint asserted that the ECOA violations included, but were not limited to, loan applications submitted after the 1998 Resolution Agreement.

In January 2005, the D.C. district court dismissed all of Stovall's ECOA, tort, and constitutional claims, and transferred the breach of contract claim to the U.S. Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a).[1]  In dismissing the ECOA claims, the court noted that ECOA claims had to be brought within "two years from the date of the alleged violation," and that the latest event in his complaint was from 2001.  *See* 15 U.S.C. § 1691e(f) (1991).[2]

The court also disagreed with Stovall's argument that Congress, when it extended the limitation period from two to five years in 2010, had retroactively applied the extensions to his claims.  While it was true that certain pre-amendment claims fell within the amendment's purview, those claims were limited to "an otherwise-untimely complaint if the complaint was filed by October 21, 2000" that concerned alleged discrimination between January 1, 1981, and December 31, 1996.  Act of Oct. 21, 1998, Pub. L. No. 105-277, § 101(a), 112 Stat. 2681-30 (codified as a note to 7 U.S.C. § 2279).  Because Stovall filed his complaint in January 2004—more than three years after October 21, 2000—he did not qualify

---

[1] The Tucker Act establishes that when a plaintiff's claims against the United States are contractual and the damages exceed $10,000, the claim is "within the exclusive jurisdiction of the Court of Federal Claims."  *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004) (per curiam) (internal quotation marks omitted).

[2] In 2010, Congress amended § 1691e(f) to extend ECOA's limitations period from two to five years.

for retroactivity on any of his ECOA claims.  Moreover, the court wrote, even if the 1994 and 1995 ECOA claims were not time-barred—and they were—those claims "were resolved when he signed the Resolution Agreement in 1998 and he is foreclosed from initiating a new lawsuit now."

During the breach of contract proceedings in the Court of Federal Claims, Stovall's counsel attempted to reinstate Stovall's ECOA claims.  The USDA replied that it would be premature to reinstate those claims before the court made a finding on Stovall's breach of contract claim.  In 2011, the government consented to a judgment being taken in the amount of $250,000 according to Federal Rule of Civil Procedure 68.

Stovall received payment in satisfaction of the judgment, and subsequently filed a complaint in the Northern District of Alabama in an attempt to reinstate his 1994 and 1995 ECOA claims.  The Secretary moved for a Rule 12(b)(6) dismissal, arguing that three separate grounds barred Stovall's complaint: (1) the Resolution Agreement, (2) ECOA's two year statute of limitations for pre-amendment claims, and (3) res judicata.  The district court granted the Secretary's motion on res judicata and statute of limitations grounds.  This appeal followed.

## II.  ANALYSIS

We review a district court's order granting a motion under Rule 12(b)(6) de novo.  *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th

Cir. 2004).   We begin (and end) our analysis by discussing whether Stovall's ECOA claims are barred by res judicata.

The doctrine of res judicata "will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present cause of actions are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks omitted).   The Secretary argues that because the D.C. district court addressed the claims that Stovall brings in this lawsuit, res judicata applies and blocks the re-litigation of those claims here.   We agree.   As the district court below noted, the D.C. district court had jurisdiction over Stovall's claims pursuant to 28 U.S.C. § 1331, because the claims were asserted under the ECOA and the Fourteenth Amendment.   The court also addressed Stovall's 1994 and 1995 claims on the merits:

> Mr. Stovall's ECOA claims are based mainly upon events that occurred between 1999 and 2001 and are not eligible.   Those claims that are arguably eligible—stemming from events that occurred between 1993 and 1996—were resolved when he signed the Resolution Agreement in 1998 and he is foreclosed from initiating a new lawsuit now.

As discussed above, the district court dismissed Stovall's 1994 and 1995 claims as time-barred, and, in the alternative because of the Resolution Agreement.   Both of these grounds qualify as "on the merits."   *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) (per curiam) ("A ruling based on

6

the statute of limitations is a decision on the merits for *res judicata* purposes. (italics in original)).[3]

Stovall does not challenge whether the D.C. district court addressed his ECOA claims on the merits, but instead challenges that court's jurisdiction to adjudicate the pre-Resolution Agreement claims.  Stovall cites our decision in *Friedman*, where we held that a plaintiff "whose claims against the United States are essentially contractual" must abide by the Tucker Act, 28 U.S.C. § 1491(a)(1), and file those claims in excess of $10,000 in the Court of Claims.  391 F.3d at 1315 (internal quotation marks omitted).

This argument is without merit for several reasons.  First, *Friedman* stands for the proposition that contractual claims against the United States in excess of $10,000 must be filed in the Court of Claims, *see id.*; it hardly suggests that the Court of Claims is the exclusive court of jurisdiction for ECOA actions.  And in fact, the D.C. district court abided by the Tucker Act and *Friedman* when it transferred Stovall's contractual claims to the Court of Claims.  The claims resolved on the merits by the D.C. district court—the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

same claims that are now before us—were not breach of contract claims, but instead ECOA claims.

Because Stovall's ECOA claims are barred by res judicata, we need not address the district court's other reasons for dismissing his complaint.

**AFFIRMED**.