[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14456
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00391-CEH-TBM

TONY A. JORDAN,

                                                      Plaintiff - Appellant,

versus

DEFENSE FINANCE AND ACCOUNTING SERVICES,
an agency of U.S. Department of Defense,
DEFENSE OFFICE OF HEARINGS AND APPEALS,
an agency under U.S. Department of Defense,
UNITED STATES OF AMERICA,

                                                      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2018)

Before TJOFLAT, MARCUS and HULL, Circuit Judges.

PER CURIAM:

Tony Jordan, a retired Army officer, appeals the district court's judgment in favor of the Defense Finance and Accounting Service ("DFAS"), the Defense Office of Hearings and Appeals ("DOHA"), and the United States in his pro se suit challenging deductions from his pay for indebtedness to the United States under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, the Debt Collection Act of 1982, 5 U.S.C. § 5514, the Takings Clause of the Fifth Amendment to the United States Constitution, and raising state law conversion and unjust enrichment claims. On appeal, Jordan argues that: (1) the district court erred in dismissing his APA, state law conversion, and Takings Clause claims; (2) the district court erred in dismissing his state law unjust enrichment claim; (3); the district court erred in denying his request for a writ of mandamus for pay without deductions; and (4) the district court erred in granting summary judgment against him on his § 5514 claim. After careful review, we affirm in part and vacate and remand in part.

We review a district court's determination of collateral estoppel de novo, and its conclusion that an issue was actually litigated for clear error. Richardson v. Miller, 101 F.3d 665, 667-68 (11th Cir. 1996). Ordinarily, we review a district court's grant of summary judgment de novo, Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015), but we must ensure in every case that we have jurisdiction over an appeal, and that the district court had jurisdiction to consider the case on the merits, Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1297-98

2

(11th Cir. 1999).  We review questions concerning the district court's jurisdiction de novo.  Zelaya v. United States, 781 F.3d 1315, 1321 (11th Cir. 2015); United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  Finally, we review a district court's refusal to issue a writ of mandamus for abuse of discretion.  See Schlagenhauf v. Holder, 379 U.S. 104, 111 n.8 (1964) (recognizing that the issuance of a writ of mandamus "is itself generally a matter of discretion.").

First, we are unpersuaded by Jordan's argument that the district court erroneously relied on collateral estoppel to dismiss Counts I-III, V, and VII of the amended complaint -- raising APA, state law conversion, and Fifth Amendment Takings Clause claims.  The doctrine of collateral estoppel, or "issue preclusion," bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit.  CSX Tansp. Inc. v. Bhd. of Maintenance of Way Emps., 327 F.3d 1309, 1317 (11th Cir. 2003).  There are four prerequisites to the application of the federal collateral estoppel doctrine: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."  Id. (quotation omitted).

3

An issue has been actually litigated "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)). As for the third element, a "judgment" includes "any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Christo v. Padgett, 223 F.3d 1324, 1339 n.47 (11th Cir. 2000) (quoting Restatement (Second) of Judgments § 13). As a result, jurisdictional determinations are entitled to preclusive effect under the collateral estoppel doctrine. N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga., 989 F.2d 429, 433 (11th Cir. 1993).

We agree with the district court's conclusion that Counts I-III, V, and VII of the amended complaint were barred by the collateral estoppel doctrine. These claims attempted to relitigate the unappealed prior judgment in Jordan v. Def. Fin. & Acct. Serv., et al., no. 8:14-cv-958 (M.D. Fla. Sept. 5, 2014) ("Jordan I"). The Jordan I court's determinations that it lacked subject matter jurisdiction over Jordan's APA claims because they sought money damages and because an adequate alternative remedy existed in the Court of Federal Claims bar his materially-identical APA claims in Counts I-III of the instant suit. Similarly, the Jordan I court's merits determination that he did not possess a property interest in

4

the withheld pay bars his conversion and Takings Clause claims in Counts V and VII. For these reasons, we affirm the district court's dismissal of these counts.

We also find no merit to Jordan's argument that the district court erred in dismissing his state law unjust enrichment claim in Count VIII. "The United States, as a sovereign entity, is immune from suit unless it consents to be sued." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011). This immunity extends to federal government agencies. Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n, 453 F.3d 1309, 1315 (11th Cir. 2006). Absent a specific waiver of sovereign immunity as to a particular claim filed against the government, a court lacks subject matter jurisdiction over the suit. Zelaya, 781 F.3d at 1322.

Notably, sovereign immunity applies only in suits against the sovereign. Panola Land Buyers Ass'n v. Sherman, 762 F.2d 1550, 1555 (11th Cir. 1985). Thus, a plaintiff may be able to obtain injunctive relief against an individual officer or agent of the United States in his official capacity for acts beyond his statutory or constitutional authority, because such actions "are considered individual and not sovereign actions." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949); see also Made in the USA Foundation v. United States, 242 F.3d 1300, 1308 n.20 (11th Cir. 2001) (holding that sovereign immunity did not bar a suit seeking injunctive relief which alleged that the President exceeded his

5

constitutional authority in signing the North American Free Trade Agreement ("NAFTA")).  If, however, a suit which is nominally directed against an individual officer is in substance a suit against the government, sovereign immunity applies. Larson, 337 U.S. at 688.  As a general rule, a suit is against the sovereign "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."  Dugan v. Rank, 372 U.S. 609, 620 (1963) (quotation and citations omitted).

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  This language broadly empowers federal courts to issue injunctions to protect or effectuate their judgments.  Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006).  However, the All Writs Act does not create subject matter jurisdiction for courts where jurisdiction would otherwise be lacking.  Id.

As the record reveals, Jordan brought his unjust enrichment claim against the sovereign.  He did not challenge individual action, and his claim was not even nominally directed against an individual officer.  Rather, Jordan named DFAS, DOHA, and the United States as defendants, and alleged that the United States had been unjustly enriched as a result of DFAS's establishment and collection of his

6

debt.  Because the government has not specifically waived sovereign immunity in state law unjust enrichment suits, the district court lacked jurisdiction to consider Count VIII of the amended complaint.  Moreover, the All Writs Act does not create subject matter jurisdiction where it would otherwise be lacking.  Accordingly, we affirm the district court's dismissal of Count VIII, and need not reach whether the claim was filed within the applicable statute of limitations.

Next, we are unconvinced by Jordan's claim that the district court abused its discretion by denying his request for a writ of mandamus to receive his pay without deductions.  A district court has original jurisdiction over any mandamus action to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  28 U.S.C. § 1361.  Nevertheless, mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."  Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation omitted); see also In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (noting that mandamus is an extraordinary remedy and is appropriate only when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion).  Further, a party seeking mandamus has the burden of proving that his "right to issuance of the writ is clear and indisputable."  BellSouth, 334 F.3d at 953 (quotation omitted).  "Mandamus is not to be used as a subterfuge to obtain appellate review that is otherwise foreclosed by

7

law," and we are unwilling to allow the use of mandamus petitions as substitutes for appeals. Id. at 951. Rather, mandamus relief is proper only when (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. Cash, 327 F.3d at 1258.

Under 28 U.S.C. § 1491, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). We have held that this provision requires that non-tort claims against the United States for amounts in excess of $10,000 must be brought in the Court of Federal Claims. Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004). A plaintiff cannot avoid the jurisdiction of the Court of Federal Claims by alleging other claims sounding in tort in his complaint. Id.

In this case, the district court did not abuse its discretion in denying Jordan's motion for a writ of mandamus. Jordan did not show that his right to relief was clear, especially since the Jordan I court determined that he did not have a property interest in the withheld funds. Nor has he demonstrated that DFAS had a clear duty pay him without deductions; rather, the statute provides for deductions from military pay for indebtedness to the United States. He also failed to show that he

8

had no other adequate remedy when he could have brought his statutory challenges to the procedures used to establish and collect the debt in the Court of Federal Claims. On this record, we affirm the district court's denial of Jordan's motion for a writ of mandamus.

Finally, as for Jordan's argument that the district court erred in granting summary judgment against him in his claim arising under § 5514 of Title 5 of the U.S. Code, we conclude that the district court erred by granting summary judgment because it instead should have dismissed the claim for lack of jurisdiction. It is well settled that a district court's entry of summary judgment is procedurally improper if it lacks subject matter jurisdiction. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003). When a court lacks subject matter jurisdiction over a claim, it has no power to enter summary judgment on the merits and must dismiss the claim, even doing so sua sponte if necessary. Id. If the district court lacked jurisdiction to hear a case on the merits, we have jurisdiction on appeal solely to correct the district court's error. Boyd, 188 F.3d at 1298.

The Debt Collection Act of 1982 establishes procedures for collecting debts owed to the United States by deduction from the federal salary of an indebted federal employee, including a member of the armed forces. See 5 U.S.C. § 5514(a)(1). This section provides, in relevant part:

> When the head of an agency or his designee determines that an employee, member of the Armed Forces or Reserve of the Armed

9

Forces, is indebted to the United States for debts to which the United States is entitled to be repaid at the time of the determination by the head of an agency or his designee, or is notified of such a debt by the head of another agency or his designee the amount of indebtedness may be collected in monthly installments, or at officially established pay intervals, by deduction from the current pay account of the individual.  The deductions may be made from basic pay, special pay, incentive pay, retired pay, retainer pay, or, in the case of an individual not entitled to basic pay, other authorized pay.  The amount deducted for any period may not exceed 15 percent of disposable pay, except that a greater percentage may be deducted upon the written consent of the individual involved.  If the individual retires or resigns, or if his employment or period of active duty otherwise ends, before collection of the amount of the indebtedness is completed, deduction shall be made from subsequent payments of any nature due the individual from the agency concerned.  [. . .].

[P]rior to initiating any proceedings under paragraph (1) of this subsection to collect any indebtedness of an individual, the head of the agency holding the debt or his designee, shall provide the individual with—

(A) a minimum of thirty days written notice, informing such individual of the nature and amount of the indebtedness determined by such agency to be due, the intention of the agency to initiate proceedings to collect the debt through deductions from pay, and an explanation of the rights of the individual under this subsection;

(B) an opportunity to inspect and copy Government records relating to the debt;

(C) an opportunity to enter into a written agreement with the agency, under terms agreeable to the head of the agency or his designee, to establish a schedule for the repayment of the debt; and

(D) an opportunity for a hearing on the determination of the agency concerning the existence or the amount of the debt, and in the case of an individual whose repayment schedule is established other than by a written agreement pursuant to subparagraph (C), concerning the terms of the repayment schedule.

10

5 U.S.C. §§ 5514(a)(1), (a)(2)(A)-(D).

Where a federal statute does not provide an express private right of action, the plaintiff bears the burden to establish that an implied private right of action exists. McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1221 (11th Cir. 2002). Our "judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Alabama v. PCI Gaming Auth., 801 F.3d 1278, 1294 (11th Cir. 2015) (quotation omitted). "Statutory intent on this latter point is determinative." Love v. Delta Air Lines, 310 F.3d 1347, 1352 (11th Cir. 2002) (quotation and emphasis omitted). Otherwise, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. (quotation omitted).

To determine whether Congress intended to create an implied right of action, we consider whether the statutory text has any "rights-creating language," which "explicitly confer[s] a right directly on a class of persons that include[s] the plaintiff in the case." PCI, 801 F.3d at 1294 (quotation omitted). We also look to the statutory structure within which the provision in question is embedded, and if the "statutory structure provides a discernible enforcement mechanism," we "ought not imply a private right of action." Id. (quotation omitted). Finally, "if -- and only if -- statutory text and structure have not conclusively resolved whether a [ ]

11

right of action should be implied," we will consider the statute's legislative history, which we examine with a "skeptical eye." Id.

Here, the district court correctly concluded that it lacked subject matter jurisdiction to consider Jordan's § 5514 claim. Jordan's claim challenged sovereign action, and § 5514 contains no waiver of sovereign immunity. Moreover, nothing in § 5514 creates a private right of action, and Jordan presented no affirmative evidence of congressional intent to create a private right of action under § 5514. Nevertheless, the district court procedurally erred by granting summary judgment in favor of the defendants rather than dismissing the claim in Count IV for lack of subject matter jurisdiction. Accordingly, we vacate the district court's denial of Count IV and remand to the district court with instructions to dismiss Count IV for lack of jurisdiction.

In short, the district court's dismissals of Counts I-III, V, and VII-VIII of Jordan's amended complaint are hereby **AFFIRMED**. The district court's grant of summary judgment in favor of the defendants on Count IV is **VACATED AND REMANDED** with instructions to dismiss the claim for lack of jurisdiction. The district court's denial of Jordan's motion for a writ of mandamus is **AFFIRMED**.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**