[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13571

Non-Argument Calendar

_____

GUILLERMO ANTONIO MONTERO,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
DANIEL SANTILLI,

Defendants-Appellees,

APPROXIMATELY $980,091.52, SUBSTITUTE
RES FOR 1270 99TH STREET, MIAMI BEACH,
FLORIDA 33134, et al.,

Defendants.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20168-RNS

———————————

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Guillermo Antonio Montero appeals from the dismissal of his *pro se* civil complaint against the United States and an individual defendant, Daniel Santilli.  Santilli was one of two businessmen the U.S. government had accused -- in an earlier civil forfeiture action -- of using American bank accounts to bribe Venezuelan officials to obtain procurement contracts with subsidiaries of the country's state-owned oil company and to launder the proceeds.  Montero attempted to intervene in that civil forfeiture action, claiming he had an ownership interest in some of the property involved in the case, but he was unsuccessful.  He then filed the instant complaint, primarily alleging that the government and Santilli had effected a Fifth Amendment taking and fraud on him through the forfeiture action.  After careful review, we affirm.

We review determinations of sovereign immunity and subject matter jurisdiction *de novo*.  *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, 633 F.3d 1297, 1313 (11th Cir. 2011)

(sovereign immunity); *Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 996 (11th Cir. 2021) (subject matter jurisdiction). We review a decision to dismiss a complaint for failure to comply with a court order for abuse of discretion. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). "Discretion means the district court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quotations omitted). We can affirm "on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

We construe *pro se* filings liberally and hold them to a less stringent standard than those filed by attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotations omitted). Moreover, *pro se* litigants are still subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837–39 (11th Cir. 1989) (affirming a dismissal when a plaintiff did not comply with the court's discovery orders).

## I.

First, we are unpersuaded by Montero's claim that the district court erred in dismissing his claims against the government on sovereign immunity grounds and for lack of jurisdiction. It is well

established that the U.S. government is entitled to sovereign immunity from civil lawsuits, except to the extent that it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Plaintiffs have the burden of showing an unequivocal waiver of sovereign immunity as to the specific claims that they seek to bring against the government. *Id.* "Sovereign immunity can be waived only by the sovereign, and the circumstances of its waiver must be scrupulously observed, and not expanded, by the courts." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

"[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. The statute allows for the district courts to hear cases including those involving the government, but its plain language limits its reach to cases *initiated by* the government. *Id.* Further, "[t]he district courts shall have original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." *Id.* § 1355(a). While this statute also allows for the courts to hear cases including those involving the government, it is again limited to cases filed by the government. *Id.*; *see id.* §§ 1355(b) and 1395 (explaining where the government can file such actions).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for tort claims. *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013). It allows district

courts to hear claims against the government for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It also grants district courts jurisdiction, concurrent with the Court of Federal Claims, over "civil action[s] or claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department." *Id*. § 1346(a)(2).

There are several exceptions to the FTCA's waiver of sovereign immunity and, "[i]f one of the exceptions applies, the bar of sovereign immunity remains." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006). The exceptions are set out in 28 U.S.C. § 2680, and one of them applies to "claim[s] arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). However, this exception itself contains an exception, reinstating the FTCA's waiver of immunity for "claim[s] based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if" in relevant part, "the property was seized for the purpose of forfeiture . . . other than as a sentence imposed upon conviction of a criminal offense," "the interest of the claimant was not forfeited," and "the claimant was not convicted of a crime for which the[ir] interest . . . was subject to forfeiture." *Id*.

The Tucker Act gives the Court of Federal Claims jurisdiction over "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id*. § 1491(a)(1). This Act "requires that claims against the United States for amounts in excess of $10,000 founded on contracts with the United States must be brought in the Court of [Federal] Claims." *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004). Claims for compensation under the Takings Clause also must be brought to the Court of Federal Claims under the Tucker Act unless Congress has withdrawn the Act's grant of jurisdiction in another statute. *Horne v. Dep't of Agric.*, 569 U.S. 513, 526–27 (2013). So, "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 13 (2012). In that event, the specific remedial scheme establishes its own exclusive framework for liability, preempting the Tucker Act's more general remedies. *Id*. at 12–13.

The Civil Asset Forfeiture Reform Act ("CAFRA") is a law that has its own remedial scheme, requiring individuals claiming ownership interests in seized property subject to forfeiture to file their claims in the associated forfeiture actions. 18 U.S.C. § 983(a)(4)(A); *see Hammit v. United States*, 69 Fed. Cl. 165, 168 (Ct. Fed. Cl. 2005) (explaining that the Court of Federal Claims "does not have jurisdiction over a Fifth Amendment taking claim based

on the federal government's *in rem* forfeiture of property when the plaintiff could have participated in the proceedings").

Here, the district court did not err in dismissing Montero's claims against the U.S. on sovereign immunity grounds and for a lack of subject matter jurisdiction. For starters, neither 28 U.S.C. §§ 1345 or 1355(a), the statutes raised in Montero's complaint, nor §§ 1346 or 2680(c), the additional statutes cited in his appellate brief, constitute a waiver of the government's sovereign immunity as to Montero's state law fraud and misapplication of funds claims. Notably, Montero's claims were not initiated by the government, and the claims were not brought pursuant to the tortious conduct of a government employee. What's more, § 2680(c) is actually an *exception to* the FTCA's waiver of sovereign immunity.

As for Montero's takings claim, even if the district court dismissed it based on its mistaken belief that Montero needed to first file a complaint in the Court of Federal Claims under the Tucker Act, it still properly dismissed the claim. *See Kernel Records Oy*, 694 F.3d at 1309. This is because Montero's takings claim did not meet the waiver-reinstating exception laid out in § 2680(c), in as much as he did not claim injury or loss of the property while it was in the government's possession, but rather claimed that the forfeiture itself was a taking. Thus, because Montero cannot meet the § 2680(c) exception and because the other statutes Montero cites in support of the district court's jurisdiction are inapplicable to the instant complaint, the government remains immune from his takings claim. *Mitchell*, 445 U.S. at 538; *Dolan*, 546 U.S. at 485.

In short, even though *pro se* litigants are generally held to a less stringent standard, Montero still had the burden of proving that the government waived its sovereign immunity, and he failed to do so. *See Campbell*, 760 F.3d at 1168–69; *see also Mitchell*, 445 U.S. at 538. Accordingly, we affirm the dismissal of Montero's claims against the United States.

## II.

We are also unconvinced by Montero's claim that the district court abused its discretion by dismissing Montero's claims against Santilli after Montero failed to respond to the court's order to show cause. The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although the plain language of Rule 41(b) suggests that a district court may only dismiss a case for failure to comply with a court order when a defendant had moved for such a dismissal, a district court may also *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). As we've long recognized, district courts have "inherent authority to manage [their] own docket[s] so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Properties, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent authority is necessary to ensure that district courts

can enforce their own orders and efficiently dispose of litigation. *Zocaras*, 465 F.3d at 483; *Equity Lifestyle Properties*, 556 F.3d at 1240.

In this case, the district court did not abuse its discretion by dismissing Montero's claims against Santilli. As the record reflects, Montero was first put on notice of the deficiencies in his complaint and his failure to properly serve the defendants in April 2022, when the government filed its motion to dismiss for failure to state a claim and when the district court entered its first order directing Montero to show cause about his failure to properly serve Santilli. After Montero responded yet still failed to make any effort to properly serve Santilli, the district court issued another order, in March 2023, dismissing Montero's claims against the government. In that order, the court again notified Montero that he had failed to demonstrate proper service on Santilli and gave Montero until April 17, 2023, to show cause as to why his claims against Santilli should not be dismissed for failure to effectuate service and for failure to state a claim. When Montero did not respond in any way by the April deadline, the court dismissed those claims and closed the case. On this ample record, the district court did not abuse its considerable discretion in dismissing Montero's claims against Santilli after it filed its second order to show cause, and we affirm. *Moon*, 863 F.2d at 837 (holding that while dismissal is an "extraordinary remedy," dismissal for failure to obey a court order is not an abuse of discretion when the *pro se* litigant has been forewarned).

**AFFIRMED.**